FILED

2017 MAR 14  AM 11:19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GANEL POUDY, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

CASE NO.: 2:17-CV-148-FtM-99CM

TEXAS ROADHOUSE OF FORT
MYERS, FL, LLC, a Foreign Profit
Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, GANEL POUDY, (hereinafter "Plaintiff") on behalf of himself, other employees and former employees similarly situated, by and through the undersigned counsel, and files this Complaint against Defendant, TEXAS ROADHOUSE OF FORT MYERS, FL, LLC doing business as Texas Roadhouse (hereinafter "Defendant" or "TEXAS ROADHOUSE") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum and overtime wages, an equal amount of liquidated damages and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## **PARTIES**

3. At all times material hereto, Plaintiff, GANEL POUDY, is and was a resident of Lee County, Florida.

4. At all times material hereto, TEXAS ROADHOUSE was and continues to be a Foreign Profit Corporation. Further, at all times material hereto, TEXAS ROADHOUSE was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §206 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. Defendant was and continues to be an "employer" within the meaning of FLSA.

9. At all times material hereto, Defendant TEXAS ROADHOUSE was and continues to be "enterprises engaged in commerce" within the meaning of FLSA.

10. At all times material hereto, Defendant TEXAS ROADHOUSE was and continues to be an enterprises engaged in the "production of goods for commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant TEXAS ROADHOUSE is in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times material hereto, the Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

14. At all times material hereto, the Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage of the FLSA.

15. The additional persons who may become Plaintiffs in this action are/were "server" employees of Defendant, who held similar positions to Plaintiff and who, (1) did not earn minimum wages for each hour worked; and/or (2) performed work off the clock.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. From on or about July 24, 2014 until January 12, 2017, Plaintiff worked for Defendant as a non-exempt "prep cook."

18. Defendant has violated Title 29 U.S.C. §206 from at least July 24, 2014, and continuing through January 12, 2017 in that Plaintiff was not compensated for all hours worked.

19. At various material times hereto (2014-2017), Plaintiff worked off the clock and was not paid for all hours worked.

20. At various material times hereto (2014-2017), Plaintiff was not paid minimum wage for each hour worked.

21. From at least July 24, 2014, and continuing through January 12, 2017, Defendant failed to compensate Plaintiff for all hours worked as required by the FLSA.

22. Defendant has failed to maintain proper time records as mandated by the FLSA.

23. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §206 MINIMUM WAGES

24. Plaintiff, and others similarly situated, realleges and incorporates paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. From July 24, 2014, and continuing through January 12, 2017 Plaintiff performed work off the clock was not compensated at least minimum wages for every hour worked.

26. Plaintiff, and others similarly situated, was entitled to be paid minimum wages for each hour worked during his employment with Defendant.

27. Since then, Plaintiff has demanded compensation for all hours worked, but Defendant has refused and/or failed to compensate him for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wages for each hour worked during multiple weeks of employment with Defendant.

28. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continues to suffer damages and lost compensation for minimum wages for multiple weeks of work contrary to 29 U.S.C. §206.

29. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

30. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for payment of minimum wages.

31. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff minimum wages for every hour worked.

32. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff, GANEL POUDY, on behalf of himself and all proposed members of the FLSA representative action pray for relief as follows:

    a.    Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b.    Awarding Plaintiff the loss of minimum wages in the amount due for time worked;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the loss of minimum wages award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

  f.  Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendant within the past three years.

Respectfully submitted this 13th day of March 2017.

      BERKE LAW FIRM, P.A.

  By:  /s/ Bill B. Berke
      Bill B. Berke, Esq.
      Florida Bar No. 0558011
      berkelaw@yahoo.com
      4423 Del Prado Boulevard S.
      Cape Coral, FL 33904
      Telephone: (239) 549-6689
      *Attorney for Plaintiff*